OPINION OF THE COURT

Per Curiam.

After the disqualification of one of two partners authorized to operate this nursing home, the Public Health Council and the Commissioner of Health were not obliged to continue such authorization, initially granted the partnership, for the benefit of the remaining partner alone.
Two separate authorizations are now prerequisites for the operation of a nursing home — a grant of "establishment” from the Public Health Council, in effect giving the medical facility the right to exist, and an operating certificate from the Commissioner of Health authorizing an identified person, *747 partnership or corporation to operate the facility. Originally the University Nursing Home in The Bronx, New York, had been under the jurisdiction of the City of New York, and the appropriate agency of the city had granted an operating certificate to the partnership of William and Eva Spiegel, husband and wife. In 1973 this home, with other similar facilities, came under the jurisdiction of the New York State Department of Health for licensure, supervision of operation and disciplinary action. University Nursing Home was never formally granted "establishment” by the Public Health Council because it had long been operating as an "established” facility when it came under State jurisdiction; similarly the partnership continued to operate the home under the operating certificate issued by the city.
In July, 1975, after trial, William Spiegel was convicted of grand larceny of moneys belonging to two patients in the home. That criminal proceeding is now on appeal. Following the conviction, hearings were held on behalf of the commissioner and the Public Health Council which resulted in revocation of establishment of William and Eva Spiegel as partners to operate the home and of the related operating certificate issued to the partnership. The Commissioner of Health directed the cessation of all operations, the transfer of all patients and the surrender of the operating certificate. The present article 78 proceeding ensued. On transfer from Supreme Court the Appellate Division annulled the commissioner’s determination, directed him to restore the operating certificate to "Eva Spiegel d/b/a University Nursing Home” and modified the revocation of establishment by the Public Health Council to the extent of directing the respondents to permit operation of the home by Eva Spiegel alone. We conclude that the determination of the Appellate Division must be reversed.
It is no longer seriously disputed that William Spiegel’s conviction warranted his exclusion from establishment and the operation of the home. It is the position of appellants, however, that inasmuch as establishment and the operating certificate were granted to the partnership, at least in the circumstances disclosed in this record, it was not arbitrary and capricious on the part of either commissioner or council to revoke in whole the authorizations granted to the partnership because of the disqualification of one of the two partners. While the applicable statute, subdivision 1 of section 2806 of *748 the Public Health Law, authorizes limitation as well as revocation of the operating certificate, we conclude that revocation in toto of establishment and of the operating certificate based on William Spiegel’s conviction was not arbitrary and capricious. (Cf. Public Health Law, § 2801-a, subd 10, par [a].) Each authorization was based on consideration of the qualifications of both partners in combination. Neither the council nor the commissioner has ever considered the qualifications of Eva Spiegel alone to operate University Nursing Home. Both council and commissioner, however, have expressed their readiness to consider a new application submitted by Eva Spiegel individually. For reasons best known to her she has chosen rather to pursue the present article 78 proceeding, initially seeking restoration of establishment and the operating certificate of the partnership, subsequently modified to seek merely to exclude William from the outstanding authorizations.
For the reasons stated the judgment of the Appellate Division should be reversed, with costs, the determinations of the Commissioner of Health and the Public Health Council reinstated and the petition dismissed, all without prejudice to the right of Eva Spiegel, if she be so advised, to make a de novo individual application for establishment and an operating certificate with respect to University Nursing Home.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Judgment reversed, etc.